UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| I-10 BARKER CYPRESS, LTD. | § | CASE NO. 10-36582 |
| Debtor | § | (Chapter 11) |

**DEBTOR'S MOTION TO SELL CERTAIN REAL PROPERTY, FREE
& CLEAR OF ALL LIENS, CLAIMS & ENCUMBRANCES, AND OTHER
INTERESTS PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f) AND (m)**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**TO THE HONORABLE LETITIA Z. PAUL UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW, I-10 Barker Cypress, Ltd.** ("Barker Cypress" or the "Debtor"), the Debtor, and Debtor-in-Possession in the above-captioned case and files this the Debtor's *Motion to Sell Certain Real Property, Free & Clear of All Liens, Claims & Encumbrances, and Other Interests Pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m)* (the "Sale Motion"), and in support thereof would respectfully show unto the Court as follows:

### I. JURISDICTION

1.1     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157. Pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K), (M), (N) and (O), this Sale Motion presents a core matter.  The relief requested is authorized by 11 U.S.C. §§ 363, 365 and Federal Rule of Bankruptcy Procedures 6004 and 6006.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND FACTS

2.1  On August 2, 2010 (the "Petition Date"), the Debtor filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtor has remained in possession of its property and has continued to conduct its affairs as a Debtor-In-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2.2.  Barker Cypress is a Texas limited partnership which owns an 83,000 square foot shopping center on 17.2 acres of commercial land located in Houston, Texas (the "Property"). The Property has several free-standing retail buildings located at 17748-17758 Katy Freeway, Houston, Harris County, TX 77084.  The Property, as a whole, generates approximately One Hundred Forty Thousand Dollars (~$140,000.00) per month in rental income for the Debtor's estate.

2.3  At this point, the Debtor has determined in the exercise of its sound business judgment that a sale of one of the buildings ("Building A") on the Property will generate the most value for the benefit of the creditors of the estate.  Building A comprises $\pm$ 26,969 square feet of retail space and has three (3) retail tenants.  A description of the entire Property, with Building A highlighted in yellow, is attached hereto as Exhibit "A."

## III. PROPOSED TRANSACTION

3.1  At the time of filing this Motion, the Debtor has executed an earnest money contract (the "Contract"), a copy of which is attached hereto as Exhibit "B", with the potential Buyer, Chimney Joint Venture ("Chimney" or "Proposed Purchaser"), which contemplates a sale - free and clear of all liens, claims, encumbrances and other interests – of Building A to Chimney (the "Proposed Sale"), the terms of which are set forth in the Contract.  Specifically, the terms of the Proposed Sale are summarized below:

   A. Purchase Price: Nine Hundred Fifty Thousand and No/100 Dollars ($950,000.00)

B. Terms of Sale: All Cash Sale

C. Closing Date: September 30, 2010 or within seven (7) days of approval of the Proposed Sale by the Bankruptcy Court and cure of title objections, if any.

D. Special Provisions or Conditions to Closing: The Contract is subject to written approval by the Property's lienholder, Compass Bank, of the Purchase Price as a release price.

3.2   Upon the approval and closing of the Proposed Sale, the gross proceeds from the sale will be distributed as follows:

A.   First, to pay all reasonable/actual closing costs. There will be no broker's commission paid.

B.   Second, to pay ad valorem taxes on the Property, estimated to be approximately Three Hundred Fifty Thousand and 00/100 Dollars (~$350,000.00).

C.   Third, the balance of the sale proceeds shall be paid to Compass Bank to be applied to the principal portion of the debt owed by the Debtor to Compass Bank.

## IV. RELIEF REQUESTED

### Hearing on Proposed Sale

4.1   The Debtor requests that the Court set an expedited hearing on this Motion in order to determine the Debtor's ability to sell Building A, free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m).

4.2   The Proposed Sale of Building A to Chimney (the Proposed Purchaser) is subject to the approval of the Court and the Court may even specify that the Proposed Sale is subject to any higher or better offer that may be made at the hearing on this Motion. The Debtor reserves the right to withdraw assets from consideration at the time of, or prior to, the Sale Hearing.

## V. AUTHORITY TO CONDUCT SALE

5.1     No plan of reorganization is on file in this case, and it may not be possible for the Debtor to pursue confirmation of a plan in the time frame under which a sale can be conducted. Immediate sale of the Debtor's assets is allowable under 11 U.S.C. §§ 105 and 363 and is clearly in the best interests of the Debtor's creditors.  *See In Re: Lionel Corp.*; 722 F.2d 1063(2d Cir. 1983); *Stephens Industries, Inc. v .McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *In Re: Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); *In Re: Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reasons for completing the sale and the transaction is in good faith") (emphasis added); *In Re: Delaware & Hudson Ry.* Co., 124 B.R. 169, 176 (D.Del. 1991) (holding that a court must be satisfied that there is a "sound business reason" justifying the pre-confirmation sale of assets).

5.2     Additionally, under the Bankruptcy Code, courts have permitted the sale of all or substantially all assets of a debtor outside the ordinary course of business if such sale is necessary to preserve the value of assets for the estate, its creditors or interest holders.  *In Re: Brookfield Clothes, inc.*, 31 B.R. 978, 983 (S.D.N.Y. 1983); *In Re: WBO Partnership*, 189 B.R. 977 (Bankr. E.D. Va. 1995); *In Re: Booguart of Florida, Inc.*, 17 B.R. 489, 483 (S.D. Fl. 1981); *In Re: Whet, Inc.*, 12 B.R. 743, 751 (Bankr. D.Mass.1981).  An expeditious sale of Building A is the only alternative to a piecemeal liquidation of the Debtor's estate which would be detrimental to the Debtor's estate and its creditors.

5.3     The Debtor believes that good cause and sound business reasons exist for selling Building A outside of a plan of reorganization pursuant to § 363(b) of the Bankruptcy Code, in

accordance with the various standards articulated by the United States Court of Appeals for the Second Circuit in *In Re: Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983). Specifically:

    A.    The sale of Building A will be an arms-length transaction for fair consideration and will result in greater benefits to the Debtor's estate than would the Debtor's continued ownership thereof and operation of the business and the costs and expenses which would be attendant thereto;

    B.    Taking into account the present status of the Debtor's Chapter 11 case, a comprehensive plan cannot be confirmed within the anticipated time frame; and

    C.    The Debtor believes that the sale of Building A at this time is necessary to preserve the value of Building A and to achieve the maximum return to the estate, and will enable the realization of significant value from Building A without the risk of jeopardizing the realizable value which would be unavoidable consequence of any delay.

## VI. CONCLUSION

6.1    For the reasons set forth hereinabove, the Debtor respectfully requests that the Court set an expedited hearing on this Motion in order to determine the Debtor's ability to sell Building A free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m).

6.2    The Debtor further requests that, at the conclusion of the Sale Hearing, this Court enter an order pursuant to 11 U.S.C. §§ 105, 363 and 365:

    A.    Authorizing and approving the Proposed Sale of Building A, as set forth in the Contract, subject to the highest and best offers at the Sale Hearing and approving the terms of such sale.

    B.    Finding that the Prospective Purchaser is acting in good faith and is entitled to the protections of a good faith Prospective Purchaser under 11 U.S.C. § 363(m).

    C.    Containing such other findings and provisions as may be reasonably requested by the Prospective Purchaser to assure that: (1) title to Building A to be sold under the Proposed Sale will be transferred to the Prospective Purchaser free and clear of all liens, encumbrances and claims (as defined in 11 U.S.C. § 101(5); and (2) any claimed liens, encumbrances or claims shall attach solely to the sales proceeds (except those specific liens and assumed liabilities set forth in the Contract or any other approved earnest money contract).

D.  Granting such related relief as may be necessary to allow the Debtor to consummate the sale under the Contract.

**Dated** this 19th day of October, 2010

        Respectfully submitted,

        **JAMES JAMESON & ASSOCIATES**

        By:   /s/ James B. Jameson
              JAMES B. JAMESON
              State Bar No. 10598500
              P. O. Box 980575
              Houston, TX 77098
              713-807-1705-Telephone
              713-807-1710-Facsimile
              **ATTORNEY FOR DEBTOR**

### VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE

I hereby certify under penalty of perjury that a true and correct copy of the foregoing instrument has been served upon the U.S. Trustee via telecopy or electronic notice on this 19th day of October, 2010, to the following address:

        Ms. Ellen Hickman
        Office of the U.S. Trustee
        515 Rusk, Ste. 3401
        Houston, TX  77002

        /s/ James B. Jameson
        JAMES B. JAMESON

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing instrument has been forwarded to the following parties listed below, via first class mail, postage prepaid, electronic notice or facsimile this 19th day of October, 2010, as well as all other parties requesting electronic notice via the electronic case filing (ECF) system:

Jackson Walker, LLP
Attn: Bruce Ruzinsky
1401 McKinney Street
Houston, TX 77010-1900
bruzinsky@jw.com
*Counsel for Compass Bank*

John P. Dillman
Linebarger Goggan Blair & Sampson, LLP
PO Box 3064
Houston, TX  77253-3064
*Counsel for Harris Cty and Katy ISD*

Glenn J. Deadman
Glenn J. Deadman, P.C.
509 South Main Avenue
San Antonio, TX  78204
gjdeadman@aol.com
*Counsel for RH Construction, Inc.*

J. Scott Douglass
909 Fannin Street, Ste. 1800
Houston, TX  77010
jsd@aol.com
*Counsel for Plaintiff, Advantage Electric*

                                        /s/ James B. Jameson
                                        JAMES B. JAMESON