ENTERED
07/25/2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
                                    )
IN RE                               )
                                    )
I-10 BARKER CYPRESS LTD.,           )   CASE NO. 10-36582-H3-11
                                    )
          Debtor,                   )
                                    )
```

## MEMORANDUM OPINION

The court has held a trial on the "Debtor's Objection to Proof of Claim Filed by Patrick Onyenaucheya (Claim No. 4) Pursuant to Bankruptcy Code Section 502 and Federal Rule of Bankruptcy Procedure 3007" (Docket No. 65).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered disallowing the claim.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

I-10 Barker Cypress, Ltd. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 2, 2010.  Debtor's Chapter 11 plan was confirmed, by order entered on February 15, 2011.  (Docket No. 76).

In the instant objection, Debtor objects to the claim of Patrick Onyenaucheya ("Claimant").  (Docket No. 65).  Claimant

filed a proof of claim, in the amount of $38,790.00, purportedly
for services performed by Claimant.

Claimant filed a response to the instant claim
objection, but did not appear at trial.  In Claimant's response,
he asserts that he has a claim for services as a materialman.

At the trial of the instant adversary proceeding, the
only evidence is a summary judgment rendered by a state court,
and the motion on which that summary judgment was rendered.  The
summary judgment determined in pertinent part that an affidavit
filed by Claimant claiming a lien was void, and that Claimant
take nothing on his counterclaim.  (Debtor's Exhibit 2).[1]

### Conclusions of Law

When a proof of claim is filed, the party filing the
claim is presumed to have made a prima facie case against the
debtor's assets.  The objecting party must produce evidence
rebutting the presumption raised by the proof of claim.  If such
evidence is produced, the party filing the claim must then prove
by a preponderance of the evidence the validity of the claim.
The claiming party, through this process, bears the ultimate
burden of proof.  In re Fidelity Holding Company, Ltd., 837 F.2d

---

[1]The court limited the parties to witnesses and exhibits
identified ten days before trial.  Neither Debtor nor Claimant
timely filed a witness or exhibit list.  Nonetheless, the court
concluded that the state court judgment is a proper subject of
judicial notice.

696, 698 (5th Cir. 1988); In re Missionary Baptist Foundation of America, 818 F.2d 1135, 1143-1144 (5th Cir. 1987).

In the instant case, the state court judgment is sufficient to rebut the presumption of validity.  Claimant, left to his proof, did not appear at trial and presented no evidence. The court concludes that the claim should be disallowed.

Based on the foregoing, a separate Judgment will be entered disallowing the claim.

Signed at Houston, Texas on July 25, 2011.


_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

3